UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALICE KRAMER, as Personal Representative of
the Estate of Arthur Kramer,

                          Plaintiff,

                        Case No. 08 CV 2429
     - against -                   (DAB)(MHD)

LOCKWOOD PENSION SERVICES, INC., TALL
TREE ADVISORS, INC., LIFE PRODUCTS
CLEARING, LLC, TRANSAMERICA
OCCIDENTAL LIFE INSURANCE CO., PHOENIX
LIFE INSURANCE CO., LINCOLN LIFE &
ANNUITY CO. OF NEW YORK, AND
JONATHAN S. BERCK,

                         Defendants.
------------------------------------------------------------x
PHOENIX LIFE INSURANCE CO.,

                    Third-Party Plaintiff,

     - against -

STEVEN LOCKWOOD,

                   Third-Party Defendant.
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF DEFENDANTS LOCKWOOD PENSION SERVICES, INC.,
AND TALL TREE ADVISORS, INC. TO DISMISS THE
AMENDED COMPLAINT**

                                                    **ROSENFELD & KAPLAN, L.L.P.**
                                                    Attorneys for Defendants Lockwood
                                                    Pension Services, Inc. and Tall Tree
                                                    Advisors, Inc. and Third Party
                                                    Defendant Steven Lockwood
                                                    535 Fifth Avenue
                                                    Suite 1006
                                                    New York, New York 10017
                                                    (212) 682-1400

# TABLE OF AUTHORITIES

Page(s)

### CASES

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)..................................................4, 5

Coffman v. Breeze Corps., 323 U.S. 316, 65 S.Ct. 298(1945)..........................................................................................................................6

Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 411 F.3d 384 (2d Cir. 2005).......6

Fitzgerald v. Berman, 2006 WL 752785 (N.D.N.Y. 2006)................................................7

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).......................................................................5

Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510 (1941)..............................................................................................................................6

McCray v. City of New York, 2007 WL 4352748 (S.D.N.Y. 2007)..................................5

National Union Fire Ins. Co. of Pittsburgh, PA. v. BP Amoco P.L.C., 319 F.Supp.2d 352 (S.D.N.Y. 2004) .............................................................................................6

The New York Times Co. v. Gonzales, 459 F.3d 160 (2d Cir. 2006)................................6

Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10 (2d Cir. 1993)...........................6

Patane v. Clark, 508 F.3d 106 (2d Cir. 2007)....................................................................5

### STATUTES
N.Y. INSURANCE LAW §3205.........................................................................................3

### RULES

Federal Rule of Civil Procedure 12(b)(6)...........................................................................1

Federal Rule of Civil Procedure 8(a)(2).............................................................................5

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES..................................................................................i

PRELIMINARY STATEMENT......................................................................... 1

FACTS................................................................................................................ 1

ARGUMENT...................................................................................................... 4

I.    THE COMPLAINT MUST BE DISMISSED
FOR FAILURE TO STATE A CLAIM.............................................. 4

II.    THE ACTION MUST BE DISMISSED FOR
LACK OF A JUSTICIABLE CONTROVERSY................................ 6

CONCLUSION................................................................................................... 8

# MEMORANDUM OF LAW IN SUPPORT OF THE THE MOTION OF DEFENDANTS LOCKWOOD PENSION SERVICES, INC. AND TALL TREE ADVISORS, INC. TO DISMISS THE AMENDED COMPLAINT

## Preliminary Statement

Defendants Lockwood Pension Services, Inc. ("LPS") and Tall Tree Advisors, Inc. ("Tall Tree") respectfully submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, to dismiss the Amended Complaint.

Plaintiff, acting on behalf of the Estate of Arthur Kramer (the "Kramer Estate"), has brought this action seeking a declaration that she is entitled to receive the death benefits from certain life insurance policies issued on the life of Arthur Kramer. Plaintiff's first claim for relief seeks a declaratory judgment against the issuing life insurance companies mandating that they pay any death benefits to the Kramer Estate. Alternatively, plaintiff, in her second claim for relief, seeks a declaratory judgment that if any of the other non-insurance company defendants have received any death benefits that they are to turn them over to the Kramer Estate.

LPS and Tall Tree are two of the non-insurance company defendants from whom plaintiff seeks to obtain such declaratory relief. Plaintiff has not, however, alleged that either Tall Tree or LPS were owners or beneficiaries of the insurance policies at issue, received any death benefit payments, or otherwise are making a claim to the death benefits that are the subject of this declaratory relief action. Plaintiff's failure to allege any facts indicating that Tall Tree or LPS has any interest in such death benefits is fatal to her claim.

## FACTS

This action is brought by Alice Kramer, the widow of Arthur Kramer, in her capacity as the personal representative of the Estate of Arthur Kramer (the "Kramer Estate") seeking to

contest the assignment of certain death benefits pursuant to insurance policies (the "Kramer Policies") issued on the life of attorney Arthur Kramer ("Kramer") by defendants Transamerica Occidental Life Insurance Company ("TransAmerica"), Phoenix Life Insurance Company ("Phoenix") and Lincoln Life and Annuity Company of New York ("Lincoln").[1] According to the Complaint, the Kramer Policies were issued to trusts established by the insured.

Plaintiff seeks to invalidate the transfer of the beneficial interest in the trusts that were acquired from the insured's children by certain third party investors. Plaintiff claims that the Kramer Policies were issued as part of a so-called "stranger owned life insurance" scheme ("SOLI"), which allegedly contravened the "insurable interest rule" under New York Insurance Law. (Amended Compl. ¶¶ 12-14). Plaintiff also claims that the non-insurance company defendants, including LPS and Tall Tree, structured the alleged SOLI scheme "for the sole purpose of trying to avoid the insurable interest rule," and "so that the subsequent transfers of the beneficial interests in those policies to the stranger investor would appear lawful." (Amended Compl. ¶ 15).

Plaintiff seeks to have this Court deem the assignment of the beneficial interests in the death benefits to be void despite acknowledging Kramer's full participation in the procurement of his insurance and the designation of his children as his beneficiares. The Complaint also acknowledges that Kramer's children, Andrew and Rebecca Kramer, at all time intended to

---

[1] On or about May 7, 2008, after Lincoln brought a motion to dismiss the complaint asserting that plaintiff lacked standing to assert its claim based upon the referenced the New York State Insurance Statute, plaintiff filed an Amended Complaint asserting the same substantive claims, but relying on different provisions of that statute. This motion is addressed to the Amended Complaint (hereafter referred to as the "Amended Compl.").

transfer their interest in the policies to third parties (Amended Compl ¶19-21, 4). [2]

Plaintiff has asserted two causes of action. In her first claim for relief, plaintiff asserts that the "life insurance policies are incontestable because they were in force during the life of Mr. Kramer for more than two years," and she seeks a declaration holding that each of the defendant insurance companies must pay death benefits on the Kramer Policies and such payment are to be made to her. (Amended Compl. ¶55).

Plaintiff has also asserted a second claim for declaratory relief against the non-insurance company defendants, including LPS and Tall Tree. As to Tall Tree, the plaintiff has asserted only, on information and belief, that on issuance of the Phoenix Policies, "Mr. Kramer directed Liza to execute putative assignments of her beneficial interest in the August Trust to stranger investor TTA." (Amended Compl. ¶38). There is no allegation, nor could there be, that any beneficial interest in the trust, or any right to collect any death benefits, was ever transferred to Tall Tree, or that Tall Tree holds any such interest.[3] Similarly, while plaintiff states that following Kramer's death, LPS requested a copy of Kramer's death certificate, so that certain "stranger investors" may submit claims to the insurance companies," (Amended Compl. ¶45), plaintiff again does not allege, nor could she, that any claim has ever been submitted by or on

---

[2]Plaintiff's claim of a lack of insurable interest associated with the Kramer Policies contradicts the plain language of section 3205 of the New York Insurance Law, the statutory provision on which the Amended Complaint is predicated. Section 3205 allows Kramer, as he did, to procure the Kramer Policies, to designate beneficiaries, in this instance his children, who, by statutory definition have an insurable interest, and to allow those beneficiaries to <u>immediately</u> transfer their interest in the Trust all without implicating the insurable interest rule.

[3]In fact, plaintiff is well aware that Tall Tree does not hold a beneficial in the Trust, or has any claim to the death benefits from any the Kramer Policies.

behalf of either Tall Tree or LPS.

Despite plaintiff's failure to allege that any death benefits have been paid to either LPS or Tall Tree, or even that a claim for those benefits have been submitted by them, plaintiff, nonetheless, seeks a separate declaration asking the Court to opine that "if some or all of the death benefits of the aforementioned policies" have been paid to any of the defendants, that "plaintiff is entitled to recover such death benefits." (Amended Compl. ¶58).

Nowhere in the Complaint does the plaintiff allege that LPS or Tall Tree have or are scheduled to receive any death benefit proceeds from the Kramer Policies. Nor does the plaintiff allege that either LPS or Tall Tree is an owner or beneficiary of any of the Kramer Policies or otherwise has asserted any claim to any death benefits.

## ARGUMENT

The plaintiff has failed to allege any facts demonstrating a right to relief as against either LPS or Tall Tree. Plaintiff has not alleged - - nor could she - - that either LPS or Tall Tree has or is scheduled to receive any of the death benefits from the Kramer Policies or asserted any claims to them.

### I.  THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007), the Supreme Court made it clear that in pleading a cause of action a party must assert facts which demonstrate the existence of an actual injury by virtue of the alleged actions of the defendants. Thus, the Court stated (in the context of an alleged anti-trust injury), that "something beyond the mere possibility of loss causation must be alleged." 127 S. Ct. At 1966. " [W]hen the allegations in a complaint,

-4-

however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 127 S.Ct. at 1966, quoting 5 Wright & Miller § 1216, at 233-234. Thus, "the threshold requirement of Rule 8(a)(2) [is] that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id.

As this Court has noted: "'In order to withstand a motion to dismiss, a complaint must plead, 'enough facts to state a claim for relief that is plausible on its face.'" McCray v. City of New York, 2007 WL 4352748, at *10 (S.D.N.Y. 2007), quoting Patane v. Clark, 508 F.3d 106. 111-12 (2d Cir. 2007), quoting Twombly, 127 S.Ct. at 1974. The Second Circuit has interpreted the Twombly pleading requirements to require: "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007).

Here, Kramer has neither stated a claim for damages, nor alleged any facts which would show that a plausible claim exists as to LPS or Tall Tree. Plaintiff does not contend that LPS or Tall Tree(s) was an owner or beneficiary of any of the Kramer Policies has, or will, obtain any of the insurance policy death benefits, nor is there any basis to believe that any claim will arise against either one of these defendants for those death benefits. The claim for relief asserted against LPS and Tall Tree is without foundation and there is no basis to believe that it will ever ripen into a substantive cause of action.

The claims against LPS and Tall Tree must be dismissed.

## II. THE ACTION MUST BE DISMISSED FOR LACK OF A JUSTICIABLE CONTROVERSY

It is black letter law that "[a] district court may issue a declaratory judgment only in 'a case of actual controversy within its jurisdiction.'" The New York Times Co. v. Gonzales, 459 F.3d 160, 165 (2d Cir. 2006). "The standard for ripeness in a declaratory judgment action is that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005), quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941).

In Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993) the Court made it clear that the declaratory judgment procedure was not "to be used as a 'medium for securing an advisory opinion in a controversy which has not arisen.'" quoting Coffman v. Breeze Corp., 323 U.S. 316, 324, 65 S.Ct. 298, 302-03 (1945). The Court in Olin thus held declaratory relief to be inappropriate where there were insufficient factual allegations pled to show the existence of a real and immediate issue. 5 F.3d at 17. Similarly, in National Union Fire Ins. Co. of Pittsburgh, PA. v. BP Amoco P.L.C., 319 F.Supp.2d 352, 372-73 (S.D.N.Y. 2004) the Court granted a motion to dismiss a declaratory judgment action for lack of subject matter jurisdiction. In that case the issue in dispute would ripen only if the defendants acquired an interest in certain oil and gas projects at some time in the future, a contingency which the Court found to be uncertain: "[t]he mere possibility that one of these defendants might acquire an interest in a project insured by the Open Cover in the future does not suffice to give rise to an actual case or controversy."

The plaintiff has failed to assert any facts which would allow this Court to conclude that an actual controversy exists with respect to Tall Tree or LPS. In order for there to be a claim against these defendants sufficient for judicial determination there must be a real and concrete possibility that these defendants will receive death benefits from the Kramer Policies, or at least assert a claim for those benefits. Plaintiff has not alleged a single fact to indicate that either of these contingencies exist or are likely to occur. Nor, it is clear, are they likely to occur as neither Tall Tree or LPS have ever asserted a claim for these death benefits, or have a basis to do so.

A claim for declaratory relief must be dismissed where "the alleged harm is speculative at best." Fitzgerald v. Berman, 2006 WL 752785, at *2 (N.D.N.Y. 2006). As neither LPS or Tall Tree have asserted any claim to entitlement to the death benefits arising out of the Kramer Policies any ruling as to their rights to these benefits would be "speculative at best." This is precisely the situation where declaratory relief is inappropriate.

## CONCLUSION

For the foregoing reasons, defendants Lockwood Pension Services, Inc. and Tall Tree Advisors, Inc. respectfully request that this Court dismiss the Amended Complaint as against them.

Dated: July 7, 2008

                                                      ROSENFELD & KAPLAN, LLP.

By: _____
Tab K. Rosenfeld (TK- 9212)
Steven M. Kaplan (SK-4228)
Robert M. Klingon (RK-0574)
535 Fifth Avenue
New York, New York 10017
Tel: (212) 682-1400
Attorneys for Defendants Lockwood
Pension Services, Inc. and Tall Tree
Advisors, Inc. and Third Party Defendant
Steven Lockwood