UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALICE KRAMER, as Personal Representative of
the Estate of Arthur Kramer,

                        Plaintiff,

               - against -

LOCKWOOD PENSION SERVICES, INC., TALL
TREE ADVISORS, INC., LIFE PRODUCTS
CLEARING, LLC, TRANSAMERICA
OCCIDENTAL LIFE INSURANCE CO., PHOENIX
LIFE INSURANCE CO., LINCOLN LIFE &
ANNUITY CO. OF NEW YORK, AND
JONATHAN S. BERCK,

                        Defendants.
------------------------------------------------------------------x
PHOENIX LIFE INSURANCE CO.,

                    Third-Party Plaintiff,

               - against -

STEVEN LOCKWOOD,

                  Third-Party Defendant.
------------------------------------------------------------------x

Case No. 08 CV 2429
(DAB)(MHD)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF THE THE MOTION OF DEFENDANTS LOCKWOOD PENSION SERVICES, INC. AND TALL TREE ADVISORS, INC. TO DISMISS THE AMENDED COMPLAINT

**ROSENFELD & KAPLAN, L.L.P.**
Attorneys for Defendants Lockwood
Pension Services, Inc. and Tall Tree
Advisors, Inc. and Third Party
Defendant Steven Lockwood
535 Fifth Avenue
Suite 1006
New York, New York 10017
(212) 682-1400

# TABLE OF AUTHORITIES

Page(s)

### CASES

Archie Comic Publications, Inc. v. DeCarlo, 2001 WL 1543526 (S.D.N.Y.2001)..................5

Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007)............................................................2

Collin County v. Homeowners Assoc. for Values Essential to Neighborhoods,
   915 F.2d 167 (5th Cir.1990)...............................................................................................4

Dartmouth Review v. Dartmouth College, 889 F.2d 13 (1st Cir.1989).....................................3

Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 411 F.3d 384 (2d Cir. 2005).............4

Eaton Vance Management v. ForstmannLeff Associates, LLC, 2006 WL 2331009
   (S.D.N.Y. 2006).................................................................................................................4

Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510 (1941) .....................4

Quinn v. Chiofalo, 2003 WL 22952859 (E.D.N.Y 2003).........................................................3

Richards v. Select Ins. Co., Inc., 40 F.Supp.2d 163 (S.D.N.Y. 1999).......................................4

### STATUTES

N.Y. INSURANCE LAW §3205...............................................................................................2

N.Y. INSURANCE LAW §3205(b)(4).....................................................................................2

### RULES

Federal Rule of Civil Procedure 12(b)(6).................................................................................1

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE
THE MOTION OF DEFENDANTS LOCKWOOD
PENSION SERVICES, INC. AND TALL TREE
<u>ADVISORS, INC. TO DISMISS THE AMENDED COMPLAINT</u>**

<u>Preliminary Statement</u>

Defendants Lockwood Pension Services, Inc. ("LPS") and Tall Tree Advisors, Inc. ("Tall Tree") respectfully submit this reply memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, to dismiss the Amended Complaint.

LPS' and Tall Tree's motion to dismiss is premised on the fact that, based on the allegations and claims asserted, there is no relief which is sought against them or can be obtained from them. Plaintiff has asserted two claims for declaratory relief: the First Claim seeks a declaration that the "insurance company defendants must pay the death benefits" to plaintiff; the Second Claim, which is asserted against all of the non-insurance company defendants, seeks to compel any of the other defendant who may have received or "may claim the right to receive" the death benefits, to pay over those benefits to the plaintiff. Plaintiff has not alleged that either LPS or Tall Tree received or asserted a claim to any of the death benefits.

The plaintiff apparently believes that there does not need to be a correlation between the facts asserted and the alleged claims for relief. Incredibly, even though the **only** claims for relief that are asserted are for the recovery of the death benefits, the plaintiff contends it should be allowed to continue to pursue LPS and TTA because "[w]hether or not LPS or TTA were 'beneficiaries' or 'owners' of the policies at issue, or are entitled to receive death benefits, in no way diminishes their substantial involvement in the illegal activity that is the crux of Plaintiff's Amended Complaint." (Pltff. Mem. p. 2). Such position is plainly frivolous. Plaintiff's claims are to recover death benefits, and these defendants have no claim to those death benefits. The

plaintiff has failed to allege any facts against LPS or Tall Tree which could give rise to a right to relief against them.

Defendants Tall Tree and LPS's motion to dismiss must be granted.

## ARGUMENT

### PLAINTIFF HAS UTTERLY FAILED TO STATE A CLAIM FOR RELIEF AGAINST TALL TREE OR LPS

The plaintiff argues in her opposition to this motion that she has alleged facts against LPS and Tall Tree which "must be accepted as true" and which show the "major roles they played in putting together the illegal SOLI scheme." From this, the plaintiff argues, without reference to the claims actually asserted or the relief actually sought, that these allegations, "which spell out -- with far more specificity than is required -- the involvement of defendants LPS and TTA in the unlawful SOLI scheme, state a valid claim against LPS and TTA." (Pltff. Mem. p. 9).

As we have noted, the Supreme Court, in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007), has made it clear that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 127 S.Ct. at 1966, quoting 5 Wright & Miller § 1216, at 233-234. Here, the plaintiff has asserted a claim for relief against the non-insurance company defendants based on New York Insurance Law Section 3205(b)(4). (Amended Complaint, ¶57). Section 3205 explicitly provides a right for a "person insured or his executor or administrator" to maintain an action to recover actual benefits paid "**from the person receiving them.**" (Emphasis added.)

It has been noted that"

> "notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger. '[M]inimal requirements are not tantamount to nonexistent requirements. The threshold [for stating a claim] may be low, but it is real....' [citation omitted]. Thus, plaintiffs are obliged to set forth in their complaint 'factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'"

Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). "It is precisely the function of a motion to dismiss to test whether the allegations of the complaint demonstrate entitlement to relief." Quinn v. Chiofalo, 2003 WL 22952859 at *12 (E.D.N.Y 2003).

Plaintiff's ramblings about the alleged wrongdoing by LPS and Tall Tree aside, the Amended Complaint has not set forth any basis pursuant to which there can be any recovery against these defendants. Plaintiff's claims are for the recovery of certain death benefits either directly from the insurance company issuing the policy, or from the person or entity that has received, or will receive, those benefits. Neither LPS nor Tall Tree fits into either category. As there is nothing alleged which can give rise to an entitlement to relief against these defendants, the action as against LPS and Tall Tree must be dismissed.[1]

Clearly aware of the specious nature of the claims as against LPS and Tall Tree, plaintiff also has argued that even though she may have no claim against LPS and Tall Tree with respect to the death benefits at issue, that she can nonetheless include them as defendants in her

---

[1] The absurdity of plaintiff's arguments are made clear by their attempt to assert - - from facts not even alleged in the Amended Complaint - - that there is a "connection" and "murky" relationship between LPS, Tall Tree and defendant Life Product (Pltff. Mem at pp. 12-13), and that this undefined relationship somehow gives rise to an actionable claim against Tall Tree and LPS based on Life Product's alleged claim to the death benefits. Plaintiff has not cited to any case in support of this preposterous position. Life Product's receipt of any of the death benefits at issue may give rise to a claim against that entity. It certainly does not give rise to a claim against LPS or Tall Tree, which are separate and distinct legal entities, and which have not and will not receive any of these funds.

declaratory judgment claim: "although Plaintiff may well have a claim against any persons who improperly receive the death benefits of the insurance policies at issue, that in no way precludes Plaintiff from bringing a declaratory judgment action against all entities - - including LPS and TTA - - that actively participated in the illegal SOLI scheme." (Pltff. Mem. p. 14).

Once again, the plaintiff has entirely missed the point. "A declaratory judgment is a remedy. Its availability does not the create an additional cause of action or expand the range of factual disputes that may be decided by a district court sitting in diversity." Richards v. Select Ins. Co., Inc., 40 F.Supp.2d 163, 169 (S.D.N.Y. 1999). "'Since it is the underlying cause of action ... that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action.'" Eaton Vance Management v. ForstmannLeff Associates, LLC, 2006 WL 2331009, at *6 (S.D.N.Y. 2006), quoting Collin County v. Homeowners Assoc. for Values Essential to Neighborhoods, 915 F.2d 167, 171 (5th Cir.1990). As noted in our moving papers, "[t]he standard for ripeness in a declaratory judgment action is that 'there is a substantial controversy, **between parties having adverse legal interests**, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005), quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941) (emphasis added).

Plaintiff argues that there is a basis for a declaratory judgment action and a justiciable controversy presented because she has alleged a real and actual dispute over entitlement to death benefits which is ripe for adjudication. While that may be so, LPS and Tall Tree are simply not parties to that dispute. As we have stated, LPS and Tall Tree have no claim on those benefits,

-4-

nor are they alleged in the Amended Complaint to have asserted any such claim. "[T]he indispensable prerequisites for declaratory relief are the existence of a live, definite and concrete controversy between adverse parties and circumstances making a binding judicial declaration **useful in establishing their rights**." Archie Comic Publications, Inc. v. DeCarlo, 2001 WL 1543526, at *1 (S.D.N.Y. 2001) (emphasis added). There is nothing to be determined as to LPS' or Tall Tree's rights to the death benefits. There is no dispute alleged by the plaintiff with respect to LPS or Tall Tree which gives rise to a justiciable controversy, or, based on the claims asserted, requires any determination of these parties' rights.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the defendants' moving memorandum, defendants Lockwood Pension Services, Inc. and Tall Tree Advisors, Inc. respectfully request that this Court dismiss the Amended Complaint as against them.

Dated: August 25, 2008

ROSENFELD & KAPLAN, LLP.

By: _____
Tab K. Rosenfeld (TK- 9212)
Steven M. Kaplan (SK-4228)
535 Fifth Avenue
New York, New York 10017
Tel: (212) 682-1400
Attorneys for Defendants Lockwood
Pension Services, Inc. and Tall Tree
Advisors, Inc. and Third Party Defendant
Steven Lockwood