

# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrown.com

July 31, 2008

The Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl St., Room 2510
New York, NY 10007

**Hector Gonzalez**
Direct Tel (212) 506-2114
Direct Fax (212) 849-5814
hgonzalez@mayerbrown.com

MEMO ENDORSED

RECEIVED AUG - 1 2008
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

Re: Kramer v. Lockwood Pension Services, Inc. et al., No. 08-cv-2429-DAB; Request of Lifemark S.A. for Leave to File Motion to Intervene

Dear Judge Batts:

    I write pursuant to Your Honor's Individual Rules of Practice to seek permission on behalf of non-Party Lifemark S.A. to file a motion to intervene pursuant to Fed. R. Civ. P. 24(a). Lifemark is the owner and beneficiary of one of the insurance policies at issue in this action.

    Lifemark, a Luxembourg company, is one of Europe's largest investors in American life settlements. A life settlement is a financial transaction in which a person possessing an unneeded or unwanted life insurance policy sells the policy (which is, by its terms, assignable) to a third party for more than the cash surrender value offered by the life insurance company. The seller receives immediate cash for the policy from the purchasing entity which becomes the new owner and beneficiary. Life settlements have opened an increasingly competitive secondary market for life insurance in which policy owners can obtain fair market value for their policies.

    In mid-2005, Arthur Kramer, through an insurance trust that he created (the "August Trust"), procured a life insurance policy (No. 97303913; the "Policy") from Phoenix Life Ins. Co. His daughter, Liza, was the initial beneficiary of the August Trust. With the knowledge and consent of Arthur Kramer (and, we believe, that of his wife Alice and daughter Liza), the August Trust sold the Policy to Lifemark in August 2007 for $1.9 million. Phoenix duly recorded the change of ownership and began communicating with Lifemark as the owner of the Policy.

    Mr. Kramer died on January 26, 2008. Lifemark, as owner and beneficiary of the Policy, submitted a claim for the Policy proceeds but Phoenix has twice refused, most recently in June 2008, to pay the claim, necessitating this request to intervene. Phoenix has not based its denial of Lifemark's claim on any act or omission by Lifemark; rather, Phoenix asserts that, notwithstanding the expiration of the Policy's contestability period, the Policy is void because it was procured as part of a scheme in 2005 by Arthur Kramer and others to procure "Stranger Owned Life Insurance" ("SOLI") for the benefit of parties that had no insurable interest in Mr. Kramer's life. Mr. Kramer's widow, Alice Kramer, also alleges that the Policy was procured by means of the alleged SOLI scheme. Mrs. Kramer, however, asserts not that the Policy is void but that Mr. Kramer's estate is entitled to the Policy proceeds pursuant to New York Insurance Law § 3205(b)(4)—notwithstanding Mr. Kramer's own involvement in the alleged scheme.

MEMO ENDORSED

The Honorable Deborah A. Batts
July 31, 2008
Page 2



MEMO ENDORSED

    Lifemark had no involvement in, or knowledge of, the original procurement of the Policy, but as the current and lawful owner and beneficiary of the Policy, Lifemark has valid claims against Phoenix based on its refusal to honor the Policy. Lifemark also has claims against the Kramer estate regarding the rightful disposition of the Policy proceeds and claims for fraud and breach of warranty by Arthur Kramer and the August Trust in connection with Lifemark's purchase of the Policy. Lifemark seeks to intervene in this action to pursue these claims.

    "Intervention as of right under Rule 24(a)(2) is granted when an applicant: (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede the party's ability to protect its interest; and (4) has an interest not adequately represented by the other parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Lifemark's motion to intervene would satisfy these criteria. The request is timely; several Parties have not yet filed responsive pleadings and discovery has not yet begun. Lifemark owns property—one of the Kramer policies—that is the subject of this action and recovery of the Policy proceeds by the Kramer estate would obviously impair Lifemark's ability to obtain payment from Phoenix. No other party will adequately represent Lifemark's interest since no other party shares the objective of securing, for Lifemark, the proceeds of the Policy.

    Even if Rule 24(a)(2) did not provide for intervention as of right, this Court should permit Lifemark to intervene pursuant to Rule 24(b)(1)(B). Lifemark's claims involve many of the same witnesses and share common issues of fact with the claims asserted by the present Parties, most significantly whether some or all of the policies procured by Mr. Kramer in 2005 were part of a SOLI scheme and which members of the Kramer family knew of the policy transfers. Lifemark's claims also involve common questions of law, such as the legal effect of such a scheme, if it existed. As such, permissive intervention is appropriate. Indeed, if Lifemark were not permitted to intervene in this action, and filed a separate action against the Kramer estate and Phoenix, that action would likely be deemed "related" to this action and assigned to this Court in any event under Rule 15 of this Court's Rules for the Division of Business Among Judges.

    Intervention is a procedural tool that allows courts to "efficiently administ[er] legal disputes by resolving all related issues in one lawsuit." *Pitney Bowes*, 25 F.3d at 69. Permitting Lifemark to intervene in this action would well serve the interests of judicial economy and efficiency that the rule is intended to promote. Accordingly, Lifemark respectfully requests leave to file a motion to intervene in the referenced action.

*granted*
*DAB*
*8/26/08*

Respectfully submitted,

*Hector Gonzalez*
Hector Gonzalez

cc: Counsel of Record

**SO ORDERED**

*Deborah A. Batts*  8/26/08
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE