USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 1 JAN 2010

**MANDATE**

S.D.N.Y.-N.Y.C.
08-cv-2429
Batts, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand ten,

Present:   Ralph K. Winter,
           John M. Walker,
           Rosemary S. Pooler,
                      *Circuit Judges.*

_____

Alice Kramer,

        *Plaintiff-Respondent,*

v.                                                    09-3903-mv (L)
                                                      09-3905-mv (con)
                                                      09-3906-mv (con)

Phoenix Life Insurance Co., Lincoln Life & Annuity Co.
of New York,

        *Defendants-Petitioners,*

Lifemark S.A.,

        *Intervenor-Petitioner.*

_____

Petitioners, through counsel, move, pursuant to 28 U.S.C. § 1292(b), for leave to appeal an interlocutory order of the district court. Upon due consideration, it is hereby ORDERED that the

SAO-rlf

Certified:

JAN 2 0 2010

petitions of Phoenix Life Insurance Co. and Lincoln Life & Annuity Co. are DENIED because an immediate appeal concerning the issues presented therein is unwarranted. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23-25 (2d Cir. 1990). It is further ORDERED that the petition of Lifemark S.A. is GRANTED. It is further ORDERED that the following question presented therein is CERTIFIED to the New York Court of Appeals:

> Does New York Insurance Law §§ 3205(b)(1) and (b)(2) prohibit an insured from procuring a policy on his own life and immediately transferring the policy to a person without an insurable interest in the insured's life, if the insured did not ever intend to provide insurance protection for a person with an insurable interest in the insured's life?

*See* N.Y.C.R.R. § 500.27; *see also* 2d Cir. R. 0.27. The New York Court of Appeals may reformulate or expand upon this question as it sees fit, based on the record of this case.

The Clerk of the Court shall transmit to the New York Court of Appeals a notice of certification, together with a copy of this opinion, the September 1, 2009 opinion of the District Court, and a complete record of the case, including the petitions and answers filed by the parties in this Court. This panel will retain responsibility for the decision of this case until we have reviewed the response of the New York Court of Appeals to our certification.

The parties shall bear equally any costs or fees imposed by the New York Court of Appeals.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *[signature]*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by *[signature]* Margaret Tan
DEPUTY CLERK

SAO-rlf