USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN. 19, 2011

S.D.N.Y.
08-cv-2429
Batts, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven,

Present:    Ralph K. Winter,
            John M. Walker,
            Rosemary S. Pooler,
                *Circuit Judges*.



Alice Kramer,

        *Plaintiff-Respondent*,

v.                                                          09-3903-mv (L)
                                                            09-3905-mv (con)
                                                            09-3906-mv (con)

Phoenix Life Insurance Co., Lincoln Life & Annuity Co.
of New York,

        *Defendants-Petitioners*,

Lifemark S.A.,

        *Intervenor-Petitioner*.

On September 1, 2009, the United States District Court for the Southern District of New York (Batts, *J.*) granted various motions to dismiss. The district court held that New York insurance law prohibits an insured from procuring a policy on her own life and immediately transferring the policy to a person without an insurable interest in the insured's life, when the insured did not intend to provide insurance protection for a person with an insurable interest in the insured's life. *See Kramer v. Lockwood Pension Servs., Inc.*, 653 F. Supp. 2d 354 (S.D.N.Y. 2009).

CERTIFIED COPY ISSUED ON 01/19/2011

Petitioners moved for leave to appeal the interlocutory order of the district court. On January 20, 2010, we denied the motions as to Defendants-Petitioners Phoenix Life Insurance Co. and Lincoln Life & Annuity Co. of New York but granted Intervenor-Petitioner Lifemark S.A.'s motion to appeal. We then certified a question to the New York Court of Appeals regarding the district court's interpretation of New York insurance law.

On November 17, 2010, the New York Court of Appeals decided that the district court had erroneously interpreted New York insurance law. *See Kramer v. Phoenix Life Ins. Co.*, 15 N.Y.3d 539 (2010). Accordingly, we vacate the district court's September 1, 2009 Order to the extent that it pertains to Lifemark S.A. and was based on an erroneous interpretation of New York law, and we remand to the district court for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*[signature]*